FILED

AUG - 8 2019

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ALEXANDER LAFORGE,<br><br>Defendant. | Case No. CR 19-49-BLG-SPW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

On July 11, 2019, LaForge filed a motion to dismiss the indictment in this case. (Doc. 18.) LaForge argues that his lifetime sex offender registration requirement is a cruel and unusual punishment in violation of the Eighth Amendment because he was a juvenile when he committed the underlying offense. (Doc. 19.) The Court disagrees and denies LaForge's motion to dismiss for the following reasons.

I.  **Background**

As a juvenile, LaForge was convicted of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153(a) and 2241(c). He was 15 years of age at the time, and his victim was under the age of 12. (Doc. 19 at 2.) Because LaForge's underlying convictions were for aggravated sexual abuse under § 2241, he is classified as a Tier

1

III sex offender under the Sex Offender Registration and Notification Act (SORNA), and he is subject to a lifetime registration requirement that can be reduced to 25 years under special conditions. 34 U.S.C. § 20915. In April 2019, the United States filed an indictment against LaForge alleging he had failed to register under SORNA in violation of 18 U.S.C. § 2250(a). (Doc. 3.)

## II. Discussion

LaForge argues for dismissal because he should not have been subjected to a lifetime sex offender registration since he committed his underlying offense as a juvenile. LaForge contends a lifetime registration requirement for a juvenile is a "cruel and unusual punishment and violates notions of fundamental fairness." (Doc. 19 at 2.) While LaForge recognizes the United States Supreme Court held sex offender registration is non-punitive in *Smith v. Doe*, 538 U.S. 84, 92 (2003), he argues the disparate impact a lifetime registration requirement has on a juvenile as opposed to an adult amounts to an "affirmative disability or restraint on juveniles" akin to a punishment. (Doc. 19 at 3–4.)

The United States argues that SORNA registry based on a juvenile conviction is not punitive, and even if it is punitive, it is not a cruel and unusual punishment. (Doc. 20 at 4–5.)

Congress chose to extend sex offender registration requirements under SORNA to a specific subset of juveniles—those who were 14 years of age or older

2

at the time of their offense and where "the offense adjudicated was comparable to or more severe than aggravated sexual abuse" under 18 U.S.C. § 2241. 34 U.S.C. § 20911(8). SORNA may require juveniles who fit the criteria to register as sex offenders for life. 34 U.S.C. § 20915(a).

In *United States v. Juvenile Male*, 670 F.3d 999, 1002 (9th Cir. 2012), the Ninth Circuit heard several arguments about the legality of SORNA's registration requirements for juveniles. Three juvenile defendants, each of whom was a member of an Indian Tribe and had pleaded guilty to a charge of aggravated sexual abuse with children, appealed their conditions of supervision requiring registration under SORNA. *Id.* at 1002. The juvenile defendants argued SORNA's registration requirement contravened the confidentiality provisions of the Federal Juvenile Delinquency Act (FJDA) and violated the Eight Amendment's prohibition against cruel and unusual punishment. *Id.* The Ninth Circuit held that by enacting SORNA after it had enacted the FJDA, Congress demonstrated a clear intent to carve out and limit confidentiality in the case of certain juvenile sex offenders. *Id.* at 1008. The Ninth Circuit also held the registry requirements for juveniles did not violate the Eighth Amendment. The court did not determine whether SORNA was punitive when applied to juveniles, but it noted how "[t]he bar for cruel and unusual punishment is high." It further explained:

> Although defendants understandably note that SORNA may have the effect of exposing juvenile defendants and their families to potential

3

> shame and humiliation for acts committed while still an adolescent, the statute does not meet the high standard of cruel and unusual punishment. The requirement that juveniles register in a sex offender database for at least 25 years because they committed the equivalent of aggravated sexual abuse is not a disproportionate punishment. These juveniles do not face any risk of incarceration or threat of physical harm. In fact, at least two other circuits have held that SORNA's registration requirement is not even a punitive measure, let alone cruel and unusual punishment. *See United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008) ("SORNA's registration requirement demonstrates no congressional intent to punish sex offenders"); *see also United States v. Young*, 585 F.3d 199, 204–05 (5th Cir. 2009).

*Id.* at 1010.

*Juvenile Male* is dispositive. The facts of LaForge's case and the arguments he makes about SORNA are nearly identical. As a Tier III sex offender, LaForge must comply with registration requirements for life, although that period may be reduced to 25 years if he maintains a "clean record" as defined under 34 U.S.C. § 20915(b). SORNA's registration requirements apply to LaForge even though he was a juvenile at the time of the offense. The Court is cognizant of the unique difficulties juveniles face when they are required to register as sex offenders, especially where the registration requirement can make ordinarily sealed information public. However, Congress clearly intended to limit confidentiality in the case of certain juvenile sex offenders, and the Ninth Circuit upheld SORNA's registration requirement as far as it conflicted with the FJDA. *See Juvenile Male*, 670 F.3d at 1008. Moreover, the registration requirement is not incarceration or a threat of physical harm. Like the requirements for the juvenile defendants in

4

*Juvenile Male*, LaForge's lifetime SORNA registration requirement does not meet "the high standard that is required to establish cruel and unusual punishment."[1] *Id.* at 1010. Accordingly,

**IT IS HEREBY ORDERED** that LaForge's Motion to Dismiss (Doc. 18) is **DENIED**.

The Clerk of Court shall notify counsel of this Order.

DATED this 8th day of August, 2019.

SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE

---

[1] In their briefs, the parties argued extensively about whether SORNA's registration requirement is a punitive measure at all. The Court finds resolution of the issue unnecessary. Even if the requirement was punitive, it does not amount to a cruel and unusual punishment. Instead, as the Ninth Circuit did in *Juvenile Male*, the Court notes other circuits have held SORNA's registration requirement is not punitive. *See Juvenile Male*, 670 F.3d at 1010; *see also U.S. v. Under Seal*, 709 F.3d 257, 263 (4th Cir. 2013) ("We find that SORNA is a non-punitive, civil regulatory scheme, both in purpose and effect.").